# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **LORI ANN BRANHAM,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00005 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Ginger J. Largen, Morefield & Largen, P.L.C., Abingdon, Virginia, for Plaintiff. Eric P. Kressman, Regional Chief Counsel, Region III, Allyson Jozwik, Assistant Regional Counsel, and Alexander L. Cristaudo, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the decision of the Commissioner.

I

Plaintiff Lori Ann Branham filed this claim challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C.A. §§ 401-433 (West 2011). Jurisdiction of this court exists under 42 U.S.C.A. § 405(g).

Branham applied for disability benefits on March 27, 2009, alleging disability beginning on January 25, 2007. Her date last insured was December 31, 2007. Branham's claim was denied initially and upon reconsideration. A hearing was held before an administrative law judge ("ALJ") on May 31, 2011, at which Branham, represented by counsel, and a vocational expert testified. On June 21, 2011, the ALJ issued a decision denying Branham's claim. The Appeals Council denied her request for review, thereby making the ALJ's decision the final decision of the Commissioner. Branham then filed the Complaint in this court seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been fully briefed, and I have heard oral argument. The case is now ripe for decision.

II

Branham alleged disability due to rheumatoid arthritis, migraines, and depression. However, she argues only that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly consider the severity of her non-exertional limitations. The recitation of the facts, therefore, will be limited to those related to her psychological impairments and migraines.

-2-

Branham is currently 45 years old, making her a younger individual under the regulations. 20 C.F.R. § 404.1563(c) (2012). She completed three years of college and holds a certificate in medical transcription. She previously worked as a medical transcriptionist, law firm secretary, and gymnastics coach/business owner.

Branham testified that she has struggled with depression since she was in high school. She was prescribed anti-depressant medications beginning in 1995. Although Branham has seen psychologists on a number of occasions, she does not appear to have been under the treatment of a psychologist during 2007, the time period for which she claims disability. Branham's medical records from 2007 do not refer to any worsening of her depression during that period.

Branham also testified that she experienced debilitating migraines. She was prescribed medication for her migraines, which she said prevented vomiting when taken at the onset of a headache. Branham's medical records from 2007 do not indicate that her migraines worsened during that time. Indeed, in May 2008, Kristin Gowin, M.D., stated that Branham's migraines had not changed and recommended that Branham continue to take her prescription medication on an as-needed basis.

In May 2011, Wendy Strawbridge, M.D., completed a medical assessment of Branham's abilities as of January 25, 2007. Dr. Strawbridge, an OB/GYN, had

-3-

Case 1:12-cv-00005-JPJ-PMS   Document 16   Filed 12/11/12   Page 3 of 8   Pageid#: 506

treated Branham since 1995 and had essentially served as Branham's family doctor. Dr. Strawbridge indicated that Branham had only fair ability to deal with work stresses, function independently, and maintain attention. She further opined that Branham was unreliable and would be absent three days at a time due to migraines and arthritis pain.

The record indicates that on several occasions in 2006, 2007, and 2011, Branham told various doctors that she was working as a gymnastics instructor. There is no indication that Branham ceased coaching gymnastics during the period for which she seeks benefits. At the hearing, Branham testified that her daily activities included transporting her son to and from school, preparing meals, doing laundry, cleaning her home, paying bills, driving, participating in church activities, reading, and attending her son's sporting events.

The ALJ stated that she did not give weight to Dr. Strawbridge's assessment that Branham's migraines would have required her to miss up to three days of work at a time. The ALJ found that this opinion was inconsistent with Dr. Strawbridge's progress notes and unsupported by other evidence in the record.

The ALJ further concluded, based in part on the review of Julie Jennings, Ph.D., that Branham's depression was controlled with medication during the time period at issue and was not debilitating. None of Branham's medical records from March 2007 through December 2007 mentioned psychological problems.

The ALJ found that through the date last insured, Branham had the residual functional capacity to perform light work with some exceptions. Based on the testimony of John Newman, a vocational expert, the ALJ found that Branham could have worked as a cashier, retail salesperson, and ticket taker/usher/lobby attendant. Because these jobs exist in significant numbers in the national economy, the ALJ held that Branham was not under a disability between January 25, 2007, and December 31, 2007.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

I must review the denial of benefits under the Act to ensure that the ALJ's findings of fact "are supported by substantial evidence and [that] the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). I must not reweigh the evidence or make credibility determinations because those functions are left to the ALJ. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (alteration in original) (internal quotation marks and citation omitted). While an ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980), an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. § 404.1527(d) (2012), if he sufficiently explains his rationale and if the record supports his findings.

Branham argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not fully consider Branham's non-exertional impairments, namely depression and migraines. Branham further contends that the ALJ placed too much emphasis on Branham's daily life activities in concluding that Branham was not under a disability.

As noted above, this court's task is not to re-weigh the evidence. The ALJ considered and weighed all of the evidence of record. The ALJ explained that she

did not give weight to Dr. Strawbridge's assessment because it was unsupported by the other evidence of record and was inconsistent with Dr. Strawbridge's own progress notes.  A thorough review of the record reveals no evidence that Branham's migraines or depression, from which she had suffered for a number of years, worsened just prior to or during 2007.  Branham had previously held a number of jobs in spite of these conditions.  Also telling is the fact that Branham apparently continued to coach gymnastics during the period for which she seeks benefits.  Her work as a gymnastics instructor contradicts any assessment that she was not reliable due to her migraines and depression.  This evidence, along with her ability to perform a number of daily life activities, supports the ALJ's conclusion that Branham retained the residual functional capacity to perform work that existed in significant numbers in the national economy.

As the ALJ accords medical opinions weight based, in part, on their supportability in the record and consistency with the record as a whole, the ALJ was well within her discretion in declining to consider Dr. Strawbridge's opinion.  There is simply no evidence that Branham's nonexertional impairments were so serious as to cause her to miss work for three days at a time on a regular basis.  The ALJ's decision is supported by the evidence of record.

-7-

## IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: December 11, 2012

/s/ James P. Jones
United States District Judge